UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2059 CAS (AGRx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | RANGE ROAD MUSIC, INC.; ET AL. v. EAST COAST FOODS, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:** (In Chambers:) PLAINTIFFS' MOTION FOR ATTORNEYS' FEES PURSUANT TO 17 U.S.C. § 505 (filed 04/12/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 10, 2010, is hereby vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION & BACKGROUND

The facts and procedural history of the instant case are known to the parties and summarized in this Court's March 18, 2010 order granting plaintiffs' motion for summary judgment, and denying defendants' cross-motion for summary judgment. Specifically, the Court concluded that defendants are liable, jointly and severally, under 17 U.S.C. § 501, for their unauthorized performances of plaintiffs' eight copyrighted musical compositions (the "Copyrighted Works") at the premises owned and operated by defendants. In accordance with 17 U.S.C. § 504(c), the Court found that plaintiffs are entitled to recover statutory damages totaling $36,000; a permanent injunction restraining defendants from publicly performing the Copyrighted Works; and their costs, including reasonable attorneys' fees. Mar. 18, 2010 Order at 13. On March 31, 2010, the Court entered judgment in favor of plaintiffs, and dismissed defendants' counterclaim with prejudice.

On April 12, 2010, plaintiffs filed the instant motion for attorneys' fees pursuant to 17 U.S.C. § 505. Defendants filed their opposition on April 19, 2010. Plaintiffs' reply was filed on April 26, 2010. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2059 CAS (AGRx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | RANGE ROAD MUSIC, INC.; ET AL. v. EAST COAST FOODS, INC.; ET AL. | | |

## II. LEGAL STANDARD

The Copyright Act provides that in an action for copyright infringement, a court "in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof," and may "award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. District courts are free to award attorneys' fees "as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." Historical Research v. Cabral, 80 F.3d 377, 378 (9th Cir. 1996). "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the boundaries of copyright law be demarcated as clearly as possible . . . a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994). "Among the factors that courts may consider in deciding whether an attorneys' fee award is appropriate are the following: "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." Entm't Research Group v. Genesis Creative Group, 122 F.3d 1211, 1229 (9th Cir. 1997).

## III. DISCUSSION

Plaintiffs seek an award of $162,728.22 in attorneys' fees and costs, including $155,451.60 in attorneys' fees and $7,276.62 in computerized legal research expenses.[1] Mot. at 1, 11 (citing U.S. v. Shasta Servs., Inc., No. 2:04-1955 MCE, 2007 WL 1516934, at *1 (E.D. Cal. May 22, 2007) ("[T]he expense of computerized legal research are properly deemed as a component of the attorneys' fees rather than reimbursable costs under the purview of 28 U.S.C. § 1920.")). Plaintiffs contend that as the prevailing parties, they are entitled to an award of attorneys' fees. Id. at 6. Further, they argue that

---

[1] Plaintiffs reserve the right to seek additional fees incurred in April and May 2010 in connection with the instant motion. Mot. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2059 CAS (AGRx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | RANGE ROAD MUSIC, INC.; ET AL. v. EAST COAST FOODS, INC.; ET AL. | | |

a full award is especially appropriate because this is a case involving intentional copyright infringement which could have been entirely avoided had defendants obtained a license from the American Society of Composers, Authors, and Publishers ("ASCAP"). Id. at 3, 6. Plaintiffs calculate their fee request using the "lodestar" method which multiplies the number of hours reasonably expended on litigation by a reasonable hourly rate for each attorney. Id. at 7 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). According to plaintiffs, their counsel, Arnold & Porter LLP, incurred the following fees: partner Sharon D. Mayo billed 15 hours, at a rate of $657 per hour; mid-level associate Danika B. Vittitoe billed 8.9 hours, at a rate of $400.50 and $441 per hour; mid-level associate Vikram Sohal billed 362.4 hours, at a rate of $378 and $396 per hour; junior associate Emilia P. Petersen billed 2 hours, at a rate of $360 per hour; and paralegal hours totaling 5.2, at a rate of $211.50 and $198. See Decl. of Vikram Sohal ¶¶ 17-24; Exs. 2-8 (billing statements). In support of their contention that Arnold & Porter LLP's fee rates are reasonable and within the range of rates charged in the Los Angeles market for attorneys of counsels' skills and experience, plaintiffs submit a report on 2009 billing rates published in the National Law Journal. Mot. at 9; Sohal Decl. Ex. 10. Finally, plaintiffs contend that the number of hours expended by their counsel is reasonable given that counsel was required to engage in expensive discovery, including taking and defending a total of eight depositions, because defendants did not produce the "most basic information—such as the identities of individuals with an ownership interest in defendant East Coast." Mot. at 9. Further, plaintiffs argue that they incurred substantial expense in addressing defendants' spurious defense of "substantial similarity." Id. at 9-10.

In response, defendants request that the Court exercise its discretion to deny an award of attorneys' fees to plaintiffs, or in the alternative, to significantly reduce the awarded amount. Opp'n at 5. Defendants contend that contrary to plaintiffs' assertions, this is not a case where defendants asserted frivolous theories or ran up litigation costs. Id. In fact, defendants argue, they did not challenge the validity of the of asserted copyright registrations, plaintiffs' ownership of the Copyrighted Works, or the right of ASCAP to license performances thereunder. Id. at 7. Defendants maintain that their two primary defenses, challenging the adequacy of plaintiffs' evidence regarding the element of "substantial similarity" and whether defendants are the proper parties, were supported by the law. Id. at 7-10. As to plaintiffs' assertion that this case involves intentional copyright infringement, defendants respond that the judgment entered by this Court does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2059 CAS (AGRx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | RANGE ROAD MUSIC, INC.; ET AL. v. EAST COAST FOODS, INC.; ET AL. | | |

not once refer to a finding of intent or wilfulness. Id. at 10-11. Further, defendants argue that plaintiffs were, in part, responsible for the amount of attorneys' fees incurred because they belatedly disclosed that they were prosecuting the case based on a theory of vicarious liability. Id. at 11-13. Specifically, as to the billing rates for plaintiffs' counsel, defendants argue that Mr. Sohal's requested rate is unreasonable given that there is no evidence regarding his credentials to justify an average billing rate of $ 386.30 for an attorney with only four years of experience.[2] Id. at 13-14. Defendants suggest that a rate of $200 per hour would be more reasonable, and furthermore, all of plaintiffs' requested rates should be presumed excessive given that plaintiffs do not provide information regarding Arnold & Porter LLP's billing arrangement with their client. Id. at 6, 14. Finally, defendants contend that the time billed by plaintiffs' counsel on this case was excessive. Id. at 14-17. Specifically, defendants object to the 22.9 hours incurred taking the deposition of Ed Siegel, defendants' general counsel, and motion to compel his further testimony, because plaintiffs made no use of the evidence obtained thereby and thus this work was entirely unnecessary. Id. at 15-16. In addition, they argue that the roughly 157.9 hours spent on the cross-motions for summary judgment are excessive. Id. at 16. Finally, defendants argue that 3.1 hours of the time billed by Ms. Vittitoe appears duplicative of work billed by Mr. Sohal, and that the 5.2 hours of paralegal work is largely clerical in nature and thus should not be included as part of an attorneys' fee award. Id. at 16-17. For all these reasons, defendants request that any award of attorneys' fees should not exceed $73,541.52. Id. at 18.

Plaintiffs reply that as a threshold matter, the Court has already held that plaintiffs are entitled to an award of attorneys' fees. Reply at 2. As to defendants' argument that the hourly rates charged by plaintiffs' counsel are excessive, plaintiffs maintain that Arnold & Porter LLP charged them at the firm's usual and customary rates which are reasonable in relation to the hourly rates prevailing in the Los Angeles market for similar work. Id. at 3. Finally, plaintiffs reiterate that the time billed was reasonable and necessary in light of how defendants litigated the case, for example, by asserting an inconsistent defense that Shoreline Foods, Inc. is the owner of the premises rather than defendants. Id. at 4.

---

[2] Defendants note that the majority of attorney time spent on this case was by plaintiffs' counsel Vikram Sohal. Opp'n at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2059 CAS (AGRx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | RANGE ROAD MUSIC, INC.; ET AL. v. EAST COAST FOODS, INC.; ET AL. | | |

As this Court already held in its March 18, 2010 order, the Court finds and concludes that an award of attorneys' fees is warranted.[3] The uncontroverted evidence showed that plaintiffs' Copyrighted Works were publicly performed without authorization, at the premises owned, operated, and otherwise controlled by defendants. The aforementioned factors set forth in Genesis Creative militate in favor of an award of attorneys' fees. After careful review of the billing statements and declaration, the Court finds that this documentation is sufficient to meet plaintiffs' burden of production and proof. The Court also finds that based on the submitted evidence, and the Court's familiarity with the rates charged by other firms in the Los Angeles legal community, the requested hourly rates are reasonable. Finally, the Court concludes that the number of hours spent on the tasks enumerated in the billing summaries is reasonable. The relief obtained included damages and a permanent injunction. Further, the defenses asserted—namely that defendants were not the proper parties—required that discovery be conducted to demonstrate such defenses lacked merit.

### IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion for attorneys' fees and costs in the amount of $162,728.22 against all defendants jointly and severally.

IT IS SO ORDERED.

---

[3] Although the Ninth Circuit has not decided whether expenses paid for computer-aided research are recoverable under § 505, and there is a split of authority on this question, the Court finds the decisions of the First and Seventh Circuits persuasive. See Invessys, Inc. v. McGraw-Hill Co., Ltd., 369 F.3d 16, 22-23 (1st Cir. 2004); Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516, 526 (7th Cir.1995). Accordingly, the Court concludes that plaintiffs may recover $7,276.62 in computerized legal research expenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2059 CAS (AGRx) | Date | May 5, 2010 |
|---|---|---|---|
| Title | RANGE ROAD MUSIC, INC.; ET AL. v. EAST COAST FOODS, INC.; ET AL. | | |

| | : | n/a |
|---|---|---|
| Initials of Preparer | | PDP |